# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:07CV19

| | |
|---|---|
| BFS RETAIL & COMMERCIAL OPERATIONS, LLC, ) ) ) Plaintiff, ) ) Vs. ) CITY OF ASHEVILLE, ) ) Defendant. ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's timely filed objections to the Memorandum and Recommendation of United States Magistrate Judge Dennis Howell and the Plaintiff's response to those objections. Pursuant to standing orders of designation and 28 U.S.C. § 636, the undersigned referred the Defendant's motion to dismiss to the Magistrate Judge for a recommendation as to disposition. Having conducted a *de novo* review of those portions of the recommendation to which specific objections were filed, the Court finds, for the reasons set forth below, that the Memorandum and Recommendation is affirmed and

the Defendant's motion to dismiss is denied.  **28 U.S.C. § 636(b); Fed. R. Civ. P. 72.**

## I.  PROCEDURAL HISTORY

Because the procedural history and factual background of this action is fully set forth in the Memorandum and Recommendation, the same will not be outlined again here.  However, such facts are fully incorporated herein.

## II.  STANDARD OF REVIEW

A district court reviews objections to a memorandum and recommendation under a *de novo* standard.  **28 U.S.C. § 636(b).**  "'Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court.'"  ***Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).**  Likewise, where the objecting party merely rehashes arguments previously raised in connection with the motion under advisement, the district court is not obligated to undertake a *de novo*

review.  ***Eaker v. Apfel*, 152 F.Supp.2d 863 (W.D.N.C. 1998),** *aff'd*, **217 F.3d 838 (table), 2000 WL 950429 (4th Cir. 2000).**  Where specific objections are not filed, a district court should give such review to the memorandum and recommendation as it deems appropriate.  ***Thomas v. Arn*, 474 U.S. 140, 152 (1985).**

All well pleaded allegations of the complaint will be taken as true.  The facts and inferences will be construed in a light most favorable to the Plaintiff.  ***Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).**  Only if it appears to a certainty that the Plaintiff would not be entitled to relief under any legal theory that may be supported by the alleged facts, will the Court dismiss the claim.  ***Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).**  The Defendant, having made the motion, bears the burden of persuasion.  ***Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).**

### III.  DISCUSSION

The Defendant contends that "[a]bsent negligence, North Carolina's inverse condemnation statute, N.C.G.S. § 40A-51, provides the sole remedy which might have been available to Plaintiff, barring claims for

trespass or nuisance." **Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, filed April 7, 2007, at 2.** In addition, Defendant specifically objects to the Magistrate Judge's conclusions that Defendant's alleged activities would constitute a partial taking by the Defendant and any claim of Plaintiff for damages by inverse condemnation would be barred by the applicable statute of limitations. **Defendant's Objections to Magistrate Judge's Memorandum and Recommendation, filed May 30, 2007.** Defendant further argues that if this Court "determines that a one-time incident does not constitute a partial taking by Defendant subjecting Plaintiff's common law claim for nuisance to preemption by N.C.G.S. § 40A-51, then Plaintiff has failed to state a claim upon which relief can be granted for nuisance." *Id*. **at 1-2.**

Section 40A-51 provides in pertinent part:

(a) If property has been taken by an act or omission of a condemnor . . . and no complaint containing a declaration of taking has been filed the owner of the property, may initiate an action to seek compensation for the taking. The action may be initiated within 24 months of the date of the taking of the affected property or the completion of the project involving the taking, whichever shall occur later.

. . .

    (c)    Nothing in this section shall in any manner affect an owner's common-law right to bring an action in tort for damage to his property.

**N.C. Gen. Stat. § 40A-51.** The North Carolina Court of Appeals has discussed the difference between a "taking" of property requiring just compensation to the owner within the meaning of Art. I, § 19 of the North Carolina State Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, and temporary, consequential damages not involving a "permanent physical occupation." ***See Frances L. Austin Family Ltd. P'ship v. City of High Point*, 177 N.C. App. 753, 630 S.E.2d 37 (2006).**

> The Supreme Court recognized the distinction between cases involving a "permanent physical occupation" and cases involving governmental action outside a person's property which results in consequential damages. The Court noted, "A taking has *always* been found only in the former situation." The Court affirmed "the traditional rule that a permanent physical occupation of property is a taking."

***Id.* at 757, 630 S.E.2d at 40 (quoting *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 421, 428, 441 (1982)).**

North Carolina's Supreme Court addressed the problem of a temporary flooding and injury of Akzona's property resulting from the breach of an embankment during a period of heavy rain. The embankment

had been built by Southern Railway to control stream flow.  The trial judge charged the jury on the theory of inverse condemnation and the Supreme Court reversed finding error in this instruction.

> In *Lea Co. v. N.C. Board of Transportation,* 308 N.C. 603, 611, 304 S.E.2d 164, 171 (1983) (quoting *Midgett v. North Carolina State Highway Commission*, 260 N.C. 241, 248, 132 S.E.2d 599, 606 (1963)) (citations and emphasis in original omitted), we reviewed the elements of an inverse condemnation action:
>
>> In order to create an enforceable liability against the government it is, at least, necessary (1) that the overflow of water be such as was reasonably to have been anticipated by the government, to be the direct result of the structure established and maintained by the government, and (2) constitute an actual permanent invasion of the land or a right appurtenant thereto, amounting to an appropriation of and not merely an injury to the property.
>
> We need not address the first element of the *Lea* standard in this case because the evidence does not show that "the defendant's structures caused an actual, permanent invasion of the plaintiff's land . . . ." *Id*. at 618, 304 S.E.2d at 175. . . .  A single instance of flooding with no possibility of recurrence, even if the direct result of Railroad's structure, is not a taking of Akzona's property.  Because the trial court should not have instructed the jury on inverse condemnation, this case must be remanded for a new trial.

**Akzona, Inc. v. Southern Ry. Co.**, 314 N.C. 488, 493-94, 334 S.E.2d 759, 762-63 (1985); *see also, City of Charlotte v. Long*, 175 N.C. App. 750, 625 S.E.2d 161 (2006).

In the instant case, the parties do not dispute that the City of Asheville possesses the power of eminent domain, that is, the power of a sovereign entity to appropriate private property to uses which promote public welfare. **Jeffress v. Town of Greenville, 154 N.C. 490, 70 S.E. 919 (1911).** This right was exercised by the City in 1964 by the installation of two 16" water mains which lie beneath the building now leased by Plaintiff and constructed in 1965. These mains ruptured on the morning of December 1, 2004, causing flooding and resulting in injuries and damages to Plaintiff's property and loss of revenue. **Complaint, at 2-3.** Such flooding does not show an "actual, permanent invasion of plaintiff's [property rights]." **Lea Co., supra, at 618.** Plaintiff does not allege or seek recovery for a permanent invasion of its property rights, but rather seeks recovery for the damage resulting to its property from a temporary flooding which occurred December 1, 2004.

The Plaintiff has alleged a variety of negligent acts on the part of the Defendant. It also alleges nuisance and trespass claims. To recover for nuisance, a party need only show unreasonable interference with use and enjoyment of its property. **Jordan v. Foust Oil Co., Inc., 116 N.C. App. 115, 167, 447 S.E.2d 491, 498 (1994).** The interference need not be

intentional and may result from negligent or careless acts. *Id*. As for trespass, a part must show a wrongful invasion of the possession of its property. ***Armstrong v. Armstrong*, 230 N.C. 201, 203, 52 S.E.2d 362, 363 (1949).** Where a trespass is proved, the trespasser is liable for all damages resulting from the wrongful entry and the injured party is entitled to at least nominal damages. ***Smith v. VonCannon*, 283 N.C. 656, 660, 197 S.E.2d 524, 528 (1973).** The form of relief sought by the Plaintiff appears to be consistent with the damage alleged.

The Court concludes that Plaintiff has not alleged an inverse condemnation action under N.C. Gen. Stat. § 40A-51. Plaintiff's claims of negligence, trespass and nuisance may, therefore, proceed under the provisions of the three year statute of limitations found at N.C. Gen. Stat. § 1-52. The Defendant's objections are overruled and the Memorandum and Recommendation is affirmed.

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss is **DENIED**.

9

Signed: August 27, 2007

Lacy H. Thornburg
United States District Judge